BENBROOK LAW GROUP

Professional Corporation

701 UNIVERSITY AVENUE, SUITE 106

SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900

FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                                                     brad@benbrooklawgroup.com

June 25, 2024

**By CM/ECF**

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Herbert Building
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

Re:  *Mock v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, No. 23-11199

Dear Mr. Cayce:

Pursuant to Rule 28(j), Plaintiffs-Appellees in No. 23-11199 file this letter to inform the Court of the district court's June 13, 2024 Memorandum Opinion and Order granting summary judgment in Plaintiffs' favor, Dist. Ct. Dkt. 110, and its entry of Final Judgment, Dist. Ct. Dkt 111, attached as Exhibit A and Exhibit B.

The district court held that the Final Rule[1] violated the Administrative Procedure Act's procedural requirements because it was (1) not a logical outgrowth of the Proposed Rule[2]; and (2) arbitrary and capricious. The district court entered judgment vacating the Final Rule. As a result, this preliminary injunction appeal is moot. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 314 (1999) ("Generally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter."); *accord Louisiana World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1038 (5th Cir. 1984).

Sincerely,

*[signature]*

Bradley A. Benbrook

---

[1] Factoring Criteria for Firearms with Attached Stabilizing Braces, 88 Fed. Reg. 6,478 (Jan. 31, 2023).

[2] Factoring Criteria for Firearms with Attached 'Stabilizing Braces', 86 Fed. Reg. 30,826 (June 10, 2021).

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIAM T. MOCK, et al., § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-00095-O |
| § | |
| MERRICK GARLAND, et al., § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Motion for Summary Judgment (ECF No. 98) and Brief in Support (ECF No. 99), filed November 14, 2023; Defendants' Cross Motion for Summary Judgment (ECF No. 106) and Brief in Support (ECF No. 107), filed on December 18, 2023; Plaintiffs' Response (ECF No. 108), filed on January 17, 2024; Defendants' Reply (ECF No. 109), filed February 7, 2024; and an *Amici Curiae* Brief (ECF No. 103), filed November 22, 2023. Having carefully considered the briefing and applicable law, Plaintiffs' motion is **GRANTED** and Defendants' motion is **DENIED** for the reasons stated herein.

## I.    BACKGROUND

At this point, the statutory and regulatory background is well known, and the Court will not repeat it here.[1] Thus, the following is a brief recitation of the relevant procedural history of this case. This case was filed on January 31, 2023, and is one of a series of cases[2] challenging the

---

[1] *Mock v. Garland*, 666 F.Supp. 3d 633 (N.D. Tex. March 30, 2023) (ECF No. 40), *rev'd and remanded*, 75 F.4th 563 (5th Cir. 2023); *Mock v. Garland*, 2023 WL 6457920, (N.D. Tex. October 2, 2023) (ECF No. 92).

[2] *See Britto v. ATF*, No. 2:23-cv-19 (N.D. Tex.); *Colon v. ATF*, No. 8:23-cv-223 (M.D. Fla.); *Firearms Regul. Accountability Coal., Inc. v. Garland*, No. 1:23-cv-24 (D.N.D.); *Miller v. Garland*, No. 1:23-cv-195 (E.D. Va.); *Nat'l Rifle Ass'n of Am., Inc. v. ATF*, No. 3:23-cv-1471 (N.D. Tex.); *Second Amend. Found.*,

1

Final Rule,[3] which, *inter alia*, announces when a device marketed as a stabilizing brace turns a pistol or handgun into a rifle. Plaintiffs filed this suit alleging various statutory deficiencies with the process and substance of the Final Rule.[4] Additionally, Plaintiffs brought constitutional challenges.[5] Three weeks later, on February 21, 2023, Plaintiffs moved the Court for a preliminary injunction against Defendants' enforcement of the Final Rule. *See* 5 U.S.C. § 705.[6] On March 30, 2023, the Court denied Plaintiffs' motion for preliminary injunction on the grounds that Plaintiffs had failed to demonstrate a substantial likelihood of success on the merits of any of their claims. *See Mock*, 666 F.Supp. 3d at 645, *rev'd and remanded*, 75 F.4th 563.

On August 1, 2023, the United States Court of Appeals for the Fifth Circuit reversed the Court's order denying a preliminary injunction and decided in favor of Plaintiffs' logical outgrowth Administrative Procedure Act ("APA") claim, holding that: (1) "it is relatively straightforward that the Final Rule was not a logical outgrowth of the Proposed Rule, and the monumental error was prejudicial;" and (2) "[t]he Final Rule therefore must be set aside as unlawful." *Mock*, 75 F.4th at 586 (citing 5 U.S.C. § 553(b)-(c) (providing that a final rule adopted by an agency must be a logical outgrowth of its concomitant proposed rule); *id.* § 706(2)(D) (directing reviewing courts to "hold unlawful and set aside agency [rules]" found to be "without observance of procedure required by law")). The Fifth Circuit remanded the case back to this Court with instructions to assess the remaining preliminary injunction factors and rule on Plaintiffs' motion—in light of the circuit panel's decision—within 60 days. *See Mock*, 75 F.4th at

---

*Inc. v. ATF*, No. 3:21-cv-116 (N.D. Tex.); *Texas v. ATF*, No. 6:23-cv-13 (S.D. Tex.); *Tex. Gun Rts., Inc. v. ATF*, No. 4:23-cv-578 (N.D. Tex.); *Watterson v. ATF*, No. 4:23-cv-80 (E.D. Tex.).
[3] Factoring Criteria for Firearms with Attached "Stabilizing Braces" (the "Final Rule"), 88 Fed. Reg. 6,478 (Jan. 31, 2023).
[4] *See* ECF Nos. 1, 13.
[5] *Id.*
[6] Mot. for Prelim. Inj., ECF No. 33.

586-88. On October 2, 2023, the Court granted Plaintiffs' injunction. *Mock*, 2023 WL 6457920, (ECF No. 92).

## II.   LEGAL STANDARD

In a case challenging an agency action under the APA, summary judgment "serves as the mechanism for deciding" whether the action "is supported by the administrative record and otherwise consistent with the APA standard of review." *Gadhave v. Thompson*, 2023 WL 6931334, at *1 (N.D. Tex. Oct. 19, 2023) (citation omitted). The agency resolves "factual issues to arrive at a decision that is supported by the administrative record," and the district court applies the APA standards of review to determine whether, as a matter of law, "the evidence in the administrative record permitted the agency to make the decision it did." *See Yogi Metals Grp. Inc. v. Garland*, 567 F. Supp. 3d 793, 797–98 (S.D. Tex. 2021), *aff'd,* 38 F.4th 455 (5th Cir. 2022) (citation omitted); *MRC Energy Co. v. U.S. Citizenship & Immigr. Servs.*, 2021 WL 1209188, at *3 (N.D. Tex. Mar. 31, 2021) (citation omitted). The entire case is thus a question of law, with the district court sitting as an appellate tribunal. *MRC Energy,* 2021 WL 1209188 at *3.

## III.  ANALYSIS

In their Motion for Summary Judgment, Plaintiffs claim that the Final Rule violated the APA's procedural requirements because: (1) it was not a logical outgrowth of the Proposed Rule;[7] (2) Defendants acted arbitrarily when they failed to consider important aspects of the problems presented and caused by the Final Rule; (3) Defendants impermissibly extended their statutory authority under the National Firearms Act of 1934 ("NFA") and the Gun Control Act of 1968 ("GCA"); and (4) it violates various aspects of the United States Constitution.[8] Additionally, and

---

[7] Factoring Criteria for Firearms with Attached 'Stabilizing Braces' ("Proposed Rule"), 86 Fed. Reg. 30,826 (June 10, 2021).
[8] Plaintiffs' Brief in Support of their Motion for Summary Judgment ("Pls.' Br.") at 1–3 (ECF No. 100).

3

in the alternative, Plaintiffs argue that if the Court were to find that the Final Rule was properly promulgated under the APA, "then the NFA's onerous and ahistorical regulation of short-barreled rifles ("SBRs"), which are commonly possessed by law-abiding individuals for lawful purposes, violates the Second Amendment."[9]

In their Cross Motion for Summary Judgment, Defendants first claim that the injunctive relief sought by Plaintiffs is barred by the Tax Anti-Injunction Act ("AIA") because that "relief that would obstruct the assessment and collection of the NFA's tax."[10] Defendants also argue that they are entitled to summary judgment because the Final Rule was properly promulgated under the APA and does not violate the Constitution.[11] Before addressing the merits, the Court will begin with whether the AIA applies to Plaintiffs' claims.

### A. Plaintiffs' Challenge to the Rule is Not Barred by the Tax Anti-Injunction Act

The AIA provides that, generally, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." I.R.C. § 7421(a). That broad and mandatory language, protects "the Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise obstruct" tax collection. *Hotze v. Burwell*, 784 F.3d 984, 996 (5th Cir. 2015) (citation omitted). Consistent with this "protective purpose[]," the Fifth Circuit has "interpreted the Act broadly" to apply "not only to the assessment and collection of taxes," but also "to activities which are intended to or may culminate in" tax assessment or collection, like "suit[s] to restrain" the "collection of information that would aid in the assessment of taxes." *Linn v. Chivatero*, 714 F.2d 1278, 1282 (5th Cir. 1983) (citation omitted).

---

[9] *Id.* at 3.
[10] Defendants' Brief in Support of their Cross Motion for Summary Judgment ("Defs.' Br.") at 11–13 (ECF No. 107).
[11] *Id.* at 13–45.

Defendants argue that the AIA bars Plaintiffs' claims to the extent they seek to restrain the NFA's enforcement against any brace-equipped pistols because: (1) "[a]n injunction prohibiting enforcement of the NFA's registration requirement would thus indisputably 'restrain' the 'collection of information that would aid in the assessment of taxes;'" and (2) Plaintiffs' proposed injunction would stop the collection of the NFA's tax.[12] The Court notes that Defendants do not, and cannot, claim that Plaintiffs' procedural and constitutional challenges to the Final Rule are barred by the AIA.[13] Rather, as evidenced by their arguments, Defendants' challenge Plaintiffs' ability to seek preemptive injunctive relief. There are meaningful differences between an injunction, which is a "drastic and extraordinary remedy," and vacatur, which is "a less drastic remedy." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165–66 (2010). Accordingly, because, as discussed below, the Court is vacating the Final Rule and is not granting Plaintiffs' request for a permanent injunction, Defendants' arguments are moot and the Court need not address whether the requested injunctive relief is barred by the AIA.

### B. The Final Rule Violated the APA's Procedural Requirements

#### 1. The Final Rule was not a Logical Outgrowth of the Proposed Rule

Defendants argue that the Court should use its discretion to reconsider Plaintiffs' logical outgrowth argument despite the Fifth Circuit's opinion in this case.[14] Specifically, Defendants assert that it would be proper for the Court to make its own determination on the issue because this Court is not bound by the Fifth Circuit's opinion, the briefing was insufficient at the appellate level, and the panel created a new legal test for determining whether a rule is legislative.[15]

---

[12] Defendants' Reply in Support of their Motion for Summary Judgment ("Defs.' Reply") at 1–4 (ECF No. 109); Defs.' Br. at 11–13.
[13] *Id.*
[14] *Id.* at 22; Defs.' Reply at 10–12.
[15] Defs.' Reply at 10–12.

5

The Court declines to relitigate a determination made by the Fifth Circuit in this case. Even assuming that this Court is not bound by the majority's opinion, and that the majority created a new test for determining whether a rule is legislative in nature, the Court has previously adopted the majority's conclusion as its own. *See Mock*, 2023 WL 6457920, at *6 (stating that "[t]he Court wholesale adopts that conclusion as its own."). Furthermore, while Defendants argue that the briefing was insufficient for the Fifth Circuit to make a determination,[16] the majority devoted a large portion of their opinion to this issue. *See Mock*, 75 F.4th at 578–86. At the conclusion of the majority's careful analysis, they held that the Final Rule is "properly characterized as a legislative rule," and "it is relatively straightforward that the Final Rule was not a logical outgrowth of the Proposed Rule, . . . therefore [the Final Rule] *must* be set aside as unlawful or other-wise remanded for appropriate remediation." *Id.* at 586 (emphasis added). Here, the Court declines Defendants' invitation to relitigate this issue and once again adopts the majority's well-reasoned conclusion as its own. Consequently, the Court finds that the Final Rule violated the APA's procedural requirements because it was not a logical outgrowth of the Proposed Rule. Accordingly, Plaintiffs' Motion for Summary Judgment is **GRANTED** and Defendants' Motion for Summary Judgment is **DENIED** as to this issue.

### 2. The Adaptation of the Final Rule was Arbitrary and Capricious

Next, the Court turns to Plaintiffs' argument that the adaptation of the Final Rule was arbitrary and capricious. Section 706 of the APA provides that reviewing courts must set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "Arbitrary and capricious review focuses on whether an agency articulated a rational connection between the facts found and the decision made."

---

[16] *Id.* at 11.

*ExxonMobil Pipeline Co. v. U.S. Dep't of Transp.*, 867 F.3d 564, 571 (5th Cir. 2017) (internal quotation marks and citation omitted). An agency must provide a more "detailed justification" for a "new policy [that] rests upon factual findings that contradict those which underlay its prior policy; or when its prior policy has engendered serious reliance interests that must be taken into account." *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) (citing *Smiley v. Citibank (S. D.), N.A.*, 517 U.S. 735, 742 (1996)).

Plaintiffs contend that the "adoption of the Final Rule was arbitrary and capricious for three reasons: the Agencies failed to consider commenters' concerns, reversed a longstanding position without meaningful explanation, and drafted a rule with vague standards."[17] In contrast, Defendants assert that none of Plaintiffs' stated reasons "are sufficient to invalidate the [Final] Rule on its face."[18] The Court finds that the adaptation of the Final Rule was arbitrary and capricious for two reasons. First, the Defendants did not provide a detailed justification for their reversal of the agency's longstanding position. And second, the Final Rule's standards are impermissibly vague.

For close to a decade, the ATF concluded that "attaching the brace to a firearm does not alter the classification of the firearm or subject the firearm to NFA control."[19] The ATF changed course on this position for the first time in 2023, when it issued the Final Rule reversing the agency's otherwise long-standing policy. "When an agency changes course, as [the ATF] did here, it must 'be cognizant that longstanding policies may have engendered serious reliance interests that must be taken into account.'" *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591

---

[17] Plaintiffs' Consolidated Reply Brief in Support of their Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgement (Pls.' Reply") at 12–14 (ECF No. 108); Pls.' Br. at 22–24.
[18] Defs.' Br. at 18–22.
[19] *See* Max M. Kingery, ATF, Open Letter on the Redesign of "Stabilizing Braces" (Jan. 16, 2015); *also* Letter from John R. Spencer, Firearms Tech. Branch Chief, U.S. Dep't of Just., Bureau of Alcohol, Tobacco, Firearms & Explosives, #3311/2013-0172, (Nov. 26, 2012), https://tinyurl.com/2z7pz2v6.

7

U.S. 1, 30 (2020) (quoting *Encino Motorcars, LLC v. Navarro*, 579 U. S. 211, 222 (2016)). "It would be arbitrary and capricious to ignore such matters" *Id.* But this is exactly what Defendants did when they inexplicably and fundamentally switched their position on stabilizing braces without providing sufficient explanations and notice.

Under the Final Rule, the ATF estimated about 99% of pistols with stabilizing braces would be reclassified as NFA rifles.[20] The ATF contemporaneously issued approximately sixty adjudications pursuant to the Final Rule that reclassified different configurations of firearms with stabilizing braces as NFA rifles.[21] The ATF provided no explanations for how the agency came to these classifications and there is no "meaningful clarity about what constitutes an impermissible stabilizing brace." *Mock*, 75 F.4th at 585 (5th Cir. 2023). In fact, the Fifth Circuit "[could not] find a single given example of a pistol with a stabilizing brace that would constitute an NFA-exempt braced pistol." *Id.* at 575. Such "'unexplained' and 'inconsistent' positions" are arbitrary and capricious. *R.J. Reynolds Vapor Co. v. FDA*, 65 F.4th 182, 191 (5th Cir. 2023) (quoting *Encino Motorcars*, 579 U.S. at 222).

The Defendants' disregard for the principles of fair notice and consideration of reliance interests is further exacerbated by its failure to follow the APA's procedural requirements for public notice and comment. As discussed above, Defendants failed to follow proper notice-and-

---

[20] *Mock*, 75 F.4th at 574, 574 n.23 (citing ATF, RIN 1140-AA55, Factoring Criteria for Firearms with Attached "Stabilizing Braces": Final Regulatory Impact Analysis and Final Regulatory Flexibility Analysis 21 (2023), https://www.atf.gov/rules-and-regulations/docs/undefined/atf2021r08stabilizingbracefrriapdf/download).

[21] *Id.* at 575, 575 n.24 (citing ATF, Common Weapon Platforms with Attached 'Stabilizing Brace' Designs That Are Short-Barreled Rifles (2023), https://www.atf.gov/rules-and-regulations/docs/undefined/bracefinalruleguidance-noncommercial/download; ATF, Commercially Available Firearms Equipped with a 'Stabilizing Brace' That Are Short-Barreled Rifles (2023), https://www.atf.gov/rules-and-regulations/docs/undefined/bracefinalruleguidancecommerciallypdf/download).

comment procedures because the Proposed Rule and the Final Rule differed in immense ways. *See Mock*, 75 F.4th at 585–86. (providing that "the requirements involving analysis of third parties' actions, such as the 'manufacturer's direct and indirect marketing and promotional materials,' and '[i]nformation demonstrating the likely use of the weapon in the general community,' Final Rule at 6480, would hold citizens criminally liable for the actions of others, who are likely unknown, unaffiliated, and uncontrollable by the person being regulated. None of those factors was included in the Proposed Rule."). This "monumental error" did not provide each Plaintiff with proper notice "that his [or her] firearm is subject to criminal penalties" or an opportunity to comment on the Final Rule. *Id.* at 585–86. The Defendants' decision to skirt notice-and-comment provisions is arbitrary and capricious *per se*, and the specific type of conduct that the APA provides recourse for. *See Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 94 (2015) (noting "the APA already provides recourse to regulated entities from agency decisions that skirt notice-and-comment provisions by placing a variety of constraints on agency decision-making, *e.g.*, the arbitrary and capricious standard"); *see also Mock*, 75 F.4th at 579 n.38 (stating "the [Final] Rule could have still been . . . challenged as arbitrary and capricious . . ., [because] [a]s the Supreme Court made clear in *Perez*, the public is not without recourse even if an agency attempts to 'skirt' the strictures of notice and comment with an interpretive rule.").

Moreover, the Court finds that the standards set forth in the Final Rule are impermissibly vague. While the Worksheet in the Proposed Rule would allow "an individual to analyze his own weapon and gave each individual an objective basis to disagree with the ATF's determinations, the Final Rule vests the ATF with complete discretion to use a subjective balancing test to weigh six opaque factors on an invisible scale." *Mock*, 75 F.4th at 584. Consequently, the Court finds that the Final Rule's six factor test is so impermissibly vague that it "provides no meaningful

9

clarity about what constitutes an impermissible stabilizing brace," and, thus, that "it is nigh impossible for a regular citizen to determine what constitutes a braced pistol" that "requires NFA registration." *Id.* at 584–85. Accordingly, Plaintiffs' Motion for Summary Judgment is **GRANTED** and Defendants' Motion for Summary Judgment is **DENIED** as to this issue.

### 3. The Court Need Not Address Plaintiffs' Other Procedural and Constitutional Claims

There exists an ordinary rule "that a federal court should not decide federal constitutional questions where a dispositive nonconstitutional ground is available." *Hagans v. Lavine*, 415 U.S. 528, 547 (1974); *see also N.Y.C. Transit Auth. v. Beazer*, 440 U.S. 568, 582 (1979) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable. Before deciding the constitutional question, it was incumbent on [the lower] courts to consider whether the statutory grounds might be dispositive.") (cleaned up). Thus, "if a case raises both statutory and constitutional questions, the inquiry should focus initially on the statutory question[s]. . . . If the lower court finds that statutory ground dispositive, resolution of the constitutional issue will be obviated." *Jordan v. City of Greenwood, Miss.*, 711 F.2d 667, 669 (5th Cir. 1983). Furthermore, the Supreme Court has encouraged lower courts to avoid expending "scarce judicial resources to resolve difficult and novel questions of [] statutory interpretation that will have no effect on the outcome of the case." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (cleaned up). Because, as discussed above, the Court finds that Defendants' adoption of the Final Rule violated the APA's procedural requirements, and that those claims are dispositive, the Court declines to address the constitutional questions presented, as well as the question of whether Defendants exceeded their statutory authority in interpretating "rifle" under the NFA and GCA.

## IV.     REMEDY

Finally, the Court turns to what the appropriate remedy is in this case. Plaintiffs request that the Court vacate the Final Rule in its entirety and grant a permanent injunction "enjoining Defendants from implementing, enforcing, or otherwise applying the . . . Final Rule."[22] In response, Defendants argue that the Court should not vacate the Final Rule as there are more limited remedies that would redress Plaintiffs' injuries.[23] Additionally, Defendants claim that the Court should deny the requested injunction because Plaintiffs have failed to carry their burden and the requested injunction is too vague.[24]

The proper remedy for a finding that an agency failed to comply with the APA's procedural requirements is vacatur of the unlawful agency action. While Defendants are correct that the APA does not require such a remedy, the Fifth Circuit considers vacatur the "default rule" for agency action otherwise found to be unlawful. *Data Mktg. P'ship, LP v. U.S. Dep't of Labor*, 45 F.4th 846, 859–60 (5th Cir. 2022); *accord Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374–75, 375 n.29 (5th Cir. 2022) (concluding that "[v]acatur is the *only* statutorily prescribed remedy for a successful APA challenge to a regulation") (emphasis added). The D.C. Circuit agrees. *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) ("The ordinary practice is to vacate unlawful agency action. . . . In rare cases, however, we do not vacate the action but instead remand for the agency to correct its errors."). Whether remand-without-vacatur is the appropriate remedy "turns on two factors: (1) the seriousness of the deficiencies of the action, that is, how likely it is the agency will be able to justify its decision on remand; and (2) the disruptive consequences of vacatur." *Id.* (cleaned up).

---

[22] Pls.' Br. at 40–43.
[23] Defs.' Br. at 45–49.
[24] *Id.* at 49–50.

11

In this case, vacatur is appropriate given the Court's conclusion that Defendants' adoption of the Final Rule violated the APA's procedural requirements. An illegitimate agency action is void *ab initio* and therefore cannot be remanded as there is nothing for the agency to justify. Further, applying the vacatur of the Final Rule to only Plaintiffs is more akin to an injunction that would prohibit Defendants from enforcing its unlawful Final Rule against only certain individuals. And indeed, "[t]here are meaningful differences between an injunction, which is a 'drastic and extraordinary remedy,' and vacatur, which is 'a less drastic remedy.'" *Texas v. United States*, 40 F.4th 205, 219 (5th Cir. 2022) (quoting *Monsanto Co.*, 561 U.S. at 165). This is because "vacatur does nothing but re-establish the status quo[—that existed for decades prior to the Final Rule going into effect last year—]absent the unlawful agency action. Apart from the . . . statutory basis on which the court invalidated an agency action, vacatur neither compels nor restrains further agency decision-making." *Texas*, 40 F.4th at 220. Because Defendants fail to show that this is a rare case in which the Court should deviate from the default rule, the Court **VACATES** the Final Rule on the grounds that Defendants violated the APA's procedural requirements in promulgating it. Because courts presume that the federal government will comply with its rulings, Plaintiffs' requested injunctive relief is unnecessary and, thus, is **DENIED**.

## V.     CONCLUSION

For the reasons set out above, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment on the grounds that the Final Rule violated the APA's procedural requirements because it was arbitrary and capricious and was not a logical outgrowth of the Proposed Rule; **DENIES** Defendants' Cross Motion for Summary Judgment; **DENIES** Plaintiffs' request for a permanent injunction; and **VACATES** the Final Rule.

SO ORDERED this **13th** day of **June, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIAM T. MOCK, et al., § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-00095-O |
| § | |
| MERRICK GARLAND, et al., § | |
| § | |
| *Defendants*. § | |

## FINAL JUDGMENT

This Judgment is issued pursuant to Fed. R. Civ. P. 58(a).

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Plaintiffs' motion for summary judgment on the grounds that the Final Rule violated the Administrative Procedure Act's procedural requirements because it was arbitrary and capricious and was not a logical outgrowth of the Proposed Rule is **GRANTED** and Defendants' cross-motion for summary judgment as to those claims is **DENIED**.

2. On these grounds, Factoring Criteria for Firearms with Attached Stabilizing Braces (the "Final Rule"), 88 Fed. Reg. 6,478 (Jan. 31, 2023), is hereby **VACATED**.

3. The Plaintiffs' remaining claims are **DENIED** as moot.

4. All other relief not expressly granted herein is denied.

**SO ORDERED** this **13th day** of **June, 2024**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE