

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7260
Washington, D.C. 20530-0001

Tel: (202) 514-3388

July 16, 2024

**By ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:    *Second Amendment Foundation, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, Nos. 23-11157, 23-11199, 23-11203, 23-11204, 23-40685 (scheduled for argument August 5, 2024)

Dear Mr. Cayce:

We write in response to the inquiries submitted by the Court to counsel in the Court's letter of July 12, 2024.

1. The government defers to the Court regarding the appropriate format of oral argument in both the appeals consolidated under No. 23-11157 and the separate but substantially similar appeal in No. 23-40556.

2. The government understands that the district court's entry of final judgment in *Mock v. Garland*, No. 4:23-cv-95 (N.D. Tex.), renders moot the government's appeal from the preliminary relief entered in that case and docketed in this Court under No. 23-11199. *See, e.g.*, *Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023) ("[A]n appeal from the denial of a preliminary injunction motion becomes moot when final judgment issues because the district court's denial of the motion merges with the final judgment." (quotation omitted)). Consistent with that understanding, the government is today filing a motion to

voluntarily dismiss under Fed. R. App. P. 42(b) the government's appeal in No. 23-11199.

The entry of final judgment in *Mock*—and the provision of relief in that case—does not, however, overtake the entry (or denial) of preliminary relief in the other cases or moot those appeals. The entry of final judgment remains subject to potential further review in *Mock*. And, in any event, the preliminary relief entered in the other cases remains binding on defendants in those cases independent of the force of any relief in *Mock*.

3. The Solicitor General is responsible for "[d]etermining whether, and to what extent, appeals will be taken by the Government to all appellate courts." 28 C.F.R. § 0.20. The Solicitor General has not yet determined whether to take an appeal from the final judgment entered in *Mock*. The deadline for filing a notice of appeal in that case is August 12, 2024.

        Sincerely,

        ABBY C. WRIGHT

        */s/ Sean R. Janda*
        SEAN R. JANDA
        BEN LEWIS
          Attorneys
          Civil Division, Appellate Staff
          U.S. Department of Justice
          950 Pennsylvania Avenue NW
          Room 7260
          Washington, D.C. 20530
          (202) 514-3388